Filed 9/26/16  P. v. Hodges CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ISAIAH HODGES,<br><br>Defendant and Appellant. | F071306<br><br>(Kern Super. Ct. No. BF156039A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  H. A. Staley (Retired Judge of the Kern Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) and John S. Somers, Judges.[†]

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

[*] Before Levy, Acting P.J., Kane, J. and Detjen, J.

[†] Judge Staley ruled on the motion to suppress (Pen. Code, § 1538.3) and motion to set aside the gang enhancements; Judge Somers presided over the negotiated disposition and sentencing, and ruled on defendant's motion for substitution of counsel pursuant to *People v. Smith* (1993) 6 Cal.4th 684 (*Smith*).

## INTRODUCTION

Appellant/defendant Isaiah Hodges pleaded no contest to attempted carjacking (Pen. Code, §§ 664/215, subd. (a)),[1] with an enhancement for personal use of a firearm (§ 12022.53, subd. (b)), a prior strike conviction, and a prior serious felony enhancement, and was sentenced to 20 years. On appeal, his appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[2]

Around 1:29 a.m. on July 13, 2014, Margarito "Mark" Epinoza (Espinoza) called 911 and reported an attempted robbery at the Valero gas station near California Street and Union Avenue in Bakersfield. Espinoza reported that a man pointed a weapon at him that "looked like a shotgun." Espinoza said the suspect tried to grab his keys and steal his car. Espinoza said the suspect was a slender African-American man, who was between 20 and 25 years old, had dreadlocks, and wore a white tank top and white shorts. Espinoza said he was scared but told the suspect that he was not getting his keys. The suspect tried to grab his keys, but Espinoza pulled away and ran off. Espinoza said he went inside the convenience store, and the suspect "took off" on foot and headed north on Union Avenue, toward an underpass and the railroad tracks. Espinoza told the 911 operator that he could still see him. Espinoza said he was not injured.[3]

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] The following facts are from the evidentiary hearing held for defendant's motion to suppress evidence.

[3] At the suppression hearing, the prosecution introduced the recordings and transcripts of Espinoza's 911 call, and the radio traffic that resulted from that call.

Espinoza was still talking to the 911 dispatcher when the police arrived at the scene. He told the dispatcher the suspect was running towards the railroad tracks, on the east side of the Union Avenue, and he was near a building by Kentucky Fried Chicken.

Officer Marc Lugo responded to the scene and the suspect's last known location within a minute of receiving the dispatch. Lugo received information that the suspect was an African-American male, 20 to 25 years old, wearing a white tank top and white shorts, with a thin build and dreadlocks. Lugo also received information that a shotgun was involved, and the suspect was walking north on Union Avenue toward the railroad tracks.

Officer Lugo saw a man exactly matching the description walking north on Union Avenue by the Kentucky Fried Chicken building. The man, later identified as defendant, was on the east side of Union Avenue. There was no other person in the area.

Officer Lugo was in a marked patrol car. He drove toward defendant's location. Defendant slightly turned his head and then turned east on Butte Street. Lugo could not tell if he was holding anything in his hands.

Officer Lugo activated the emergency lights on his patrol car and illuminated defendant with his stoplight. Lugo stepped out of his patrol car and conducted a "standard high-risk-prone subject stop" because defendant matched the description of a carjacking suspect who was armed with a shotgun. Lugo drew his weapon, pointed it at defendant, and ordered him to put his hands in the air, turn around, and lay flat on his stomach. Defendant got on the ground and complied with Lugo's orders.

Officer Lugo placed defendant in handcuffs and searched defendant's waistband, pockets, and shirt for weapons. He felt a circular cylinder object in defendant's front left pocket. He removed the object and found three shotgun shell casings, and a butt-screw stock.

After additional officers arrived at the scene, Officer Lugo retraced defendant's path and found a shotgun in the area where defendant had turned from Union Street to Butte Street.

The officers escorted Espinoza to an infield showup, and he identified defendant as the man who attempted to rob and carjack him. He also identified the shotgun as the weapon that defendant pointed at him.

**The charges**

On August 26, 2014, an information was filed in the Superior Court of Kern County charging defendant with count I, attempted carjacking (§§ 664/215, subd. (a)); count II, attempted second degree robbery (§§ 664/212.5, subd. (c)); count III, assault with a firearm (§ 245, subd. (a)(2)); count IV, possession of a firearm by a felon (§ 29900, subd. (a)); and count V, possession of stolen property (§ 496, subd. (a)).

As to counts I and II (§ 12022.53, subd. (b)) and count III (§ 12022.5, subd. (a)), it was alleged defendant personally used a firearm, and as to all counts, that the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). It was also alleged he had one prior strike conviction, one prior serious felony enhancement, and one prior prison term enhancement, based on his conviction for second degree robbery in 2010 (§ 212.5, subd. (c)).

**Pretrial motions**

Defendant filed a motion to suppress the shotgun shells and butt-screw stock which Officer Lugo removed from his pocket, and argued the evidence was improperly seized during a warrantless search. Defendant also moved to set aside the gang allegations in the information pursuant to section 995. The People filed opposition to both motions.

**Denial of pretrial motions**

On October 6, 2014, the court conducted an evidentiary hearing on defendant's motion to suppress. Officer Lugo testified as set forth above. The prosecutor argued

Lugo's detention and search of defendant were supported by probable cause because defendant matched the victim's description of the suspect, and he was in the area where the suspect had fled. The prosecutor also argued the shotgun shells would have been found pursuant to the inevitable discovery doctrine since the victim identified defendant shortly after he was detained, and defendant would have been searched incident to his arrest for attempted robbery. Defense counsel argued Lugo's warrantless search of defendant was illegal because there were no particular facts to show that defendant was armed when Lugo stopped him.

The court denied defendant's motion to suppress:

"… The Court does feel there was probable cause for the detention and pat-down search and that there was probable cause to arrest the defendant at the time, given that the information on the 911 call was reliable information. It was a detailed description, a report of a serious violent crime corroborated by the location of the suspect in terms of how he appeared and the direction he was headed, away from the reported incident, and probable cause to stop the defendant, contact, and detain him.

"And the Court would also agree that the fact the defendant was lawfully detained and it was justified to prolong that detention, absent the probable cause for arrest, ignoring that there was probable cause to detain the defendant to obtain the possible identification by the alleged victim, which did occur in this case, and which … does allow the argument for inevitable discovery to succeed…."

Also on October 6, 2014, the court denied defendant's motion to set aside the gang enhancements. On October 24, 2014, this court denied defendant's petition for writ of mandamus, which apparently sought dismissal of the gang enhancements.

**Conviction and sentence**

On January 30, 2015, defendant and his attorney appeared in court. Defendant rejected a negotiated disposition for 20 years and asked for a term of five years. The People rejected defendant's counteroffer.

On February 19, 2015, defendant entered into a negotiated disposition and pleaded no contest to count I, attempted carjacking; the personal use enhancement; the prior strike

5.

conviction (§ 667, subd. (e)); and the prior serious felony enhancement (§ 667, subd. (a)), for a term of no more than 20 years. The court granted the People's motion to dismiss all remaining charges and allegations.

On March 24, 2015, the court convened the sentencing hearing. At defendant's request, the court conducted an in camera hearing with defendant and his attorney based on defendant's motion to substitute counsel pursuant to *Smith*, *supra*, 6 Cal.4th 684.[4] After the hearing, the court advised the prosecutor that it denied defendant's motion.

Thereafter, the court sentenced defendant to the second strike term of five years for count I, with consecutive terms of five years for the prior serious felony enhancement (§ 667, subd. (a)), and 10 years for the personal use enhancement (§ 12022.53, subd. (b)), for an aggregate term of 20 years. On the same day, defendant filed a timely notice of appeal of the court's denial of his suppression motion.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on September 24, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

**4** *Smith* addresses the procedures for a court to consider a defendant's postconviction motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, to appoint new counsel to prepare and present a motion for new trial based on alleged ineffective assistance of counsel. (*Smith, supra*, 6 Cal.4th at p. 694.)

6.